Sucesores de A. Mayol & Cía., S. en C., demandante y apelante, *v.* Juan G. Gallardo, como Tesorero de Puerto Rico, demandado y apelado.

No. 4048.—*Visto:* Mayo 18, 1927. *Resuelto:* Julio 26, 1927.

1. Contribuciones—Imposición *(Levy)* y Tasación *(Assessment)*—Modo de Tasar "Corporate Stock", Propiedades y Entradas *(Receipts)*—Asociaciones o Sociedades Civiles o Mercantiles.—Acciones de bancos, efectos a cobrar, fianzas y cuentas a cobrar no pueden incluirse como parte del *capital tasado* a los efectos de la sección 18 de la ley de contribuciones sobre ingresos, según fué enmendada por Ley No. 69 de 1923 (p. 523), en ausencia de demostración de que produzcan ingresos tributables.

2. Contribuciones—Imposición *(Levy)* y Tasación *(Assessment)*—Revisión, Corrección o Anulación de la Tasación—Procedimientos Ante la Junta de Revisión e Igualamiento—Revisión por los Tribunales—Alcance y Extensión en General—Fundamentos de la Decisión.—Cualquiera que fuére el motivo que tuvo la Junta de Revisión e Igualamiento para rendir una decisión, aún cuando el razonamiento de la junta sea equivocado, si su decisión es correcta, ésta debe sostenerse por los tribunales.

3 Apelación y Error—Señalamiento de Errores—Omisión de Señalarlo y Efecto—En General.—Cuando un apelante no hace señalamiento de error en cuanto a la impugnación que de la ley de ingresos alega en su demanda, tal contención se considerará abandonada y no se considerará en apelación.

Sentencia de *Miguel A. Muñoz*, J. (San Juan), declarando sin lugar la demanda, sin costas. *Confirmada.*

*J. J. Ortiz Alibrán,* abogado de la apelante; *Hon. Attorney General, George C. Butte, Carlos Llauger* y *José A. López Acosta,* primero y segundo Attorney General Auxiliar, respectivamente, abogados del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Éste es un pleito iniciado por la sociedad mercantil de Sucesores de A. Mayol & Cía. para recobrar ciertas contribuciones pagadas bajo protesta, por concepto de ingresos correspondientes al año fiscal que para dicha mercantil empezó en 26 de abril de 1922 y terminó en 25 de abril de 1923.

En mayo 28, 1923, la demandante presentó al Departamento de Hacienda su planilla de ingresos por el año contributivo de 1922–23.

De acuerdo con esta planilla el Tesorero, al determinar la contribución sobre ingresos, impuso a la demandante una contribución de $4,463.38, considerando un total de ingresos de $75,283 sobre la base de un capital invertido de $337,850.

No conforme, la demandante apeló para ante la Junta de Revisión e Igualamiento, y este organismo aumentó los ingresos a $76,679.27 y sostuvo el capital invertido en $337,850.

Alega la demandante substancialmente que conforme al apartado (A) de la sección 18 de la Ley No. 43 de julio 1, 1921, tal como fué enmendada por la Ley No. 69 de julio 28, 1923, el capital invertido de la sociedad se compone de la siguiente manera:

| | | |
|---|---:|---:|
| Capital tasado | | $337, 850. 00 |
| Reformas hechas en el establecimiento | $25, 740. 00 | |
| Reformas hechas en la casa Allen No. 34 | 1, 574. 04 | |
| Acciones de Bancos | 9, 284. 00 | |
| Efectos a cobrar | 1, 568. 10 | |
| Fianzas | 260. 21 | |
| Cuentas por cobrar | 109, 982. 14 | 148, 408. 49 |
| Total capital invertido | | $486, 258. 49 |

Que por tanto, la cantidad de $486,258.49 es el capital invertido que debe servir de base a los efectos de la liquidación de la contribución objeto de este caso.

Se alegó también que la Ley No. 43 de 1921 y la Ley No. 69 de 1923 son inválidas, nulas e ineficaces por ser contrarias al Acta Orgánica de Puerto Rico y a la Constitución de los Estados Unidos.

Terminó suplicando la demandante que se devuelva la contribución pagada montante a $4,633.42, y en su defecto, si resultaren válidas y eficaces las referidas leyes, que se devuelva la cantidad de $1,248.84 pagada bajo protesta.

El demandado excepcionó la demanda por falta de hechos para constituir una causa de acción y contestó al mismo tiempo alegando en resumen que el capital invertido de la demandante es el de $337,850 como fijó el Tesorero y confirmó la Junta de Revisión e Igualamiento y no la de $486,258.49, como alega la demandante; y negó las alegaciones de la demanda que impugna la constitucionalidad de las leyes citadas.

La corte inferior sostuvo la excepción de falta de causa de acción y también que la prueba era insuficiente para sostener las alegaciones de la demanda.

[1] La cuestión en este pleito gira alrededor de la aplicación de la sección 18 de la Ley de contribuciones sobre ingresos, según fué enmendada por la Ley No. 69 de 1923. Dicha sección prescribe:

"Sección 18.—El término 'capital invertido' tal como se emplea en este artículo, significa:

"(*a*) En el caso de corporaciones o sociedades civiles o mercantiles será el valor tasado a los efectos de la contribución de toda la propiedad mueble e inmueble perteneciente a dicha corporación o sociedad civil o mercantil, más el valor de cualquier propiedad radicada o invertida en Puerto Rico, no sujeta a contribución pero perteneciente a dicha corporación o sociedad civil o mercantil, y dedicada al negocio o negocios que producen el ingreso y que existían al comenzar el año contributivo a que el ingreso corresponde, excluyendo aquellas inversiones que no producen ingreso tributable.

    ❊      ❊      ❊      ❊      ❊ .     ❊      ❊

· En la planilla de ingresos que presentó la demandante para el año fiscal de 1922–23, el valor de tasación de los bienes muebles e inmuebles de la sociedad montaba a la cantidad de $377,850. En la demanda se admite que éste es el capital tasado de la demandante, pero se sostiene por la apelante, y éste es el nervio de su reclamación, que se han debido incluir en el capital invertido las cantidades que se han relacionado más antes, pues de este modo aumentada la proporción entre el ingreso neto y el capital invertido, la contribución sobre beneficios excesivos sería menor, o ,sea, el 6 por ciento sobre el ingreso neto que exceda del 10 por ciento del capital invertido en el año contributivo que corresponda, y no el 7 por ciento como fué el impuesto por la Junta de Revisión e Igualamiento, conforme se determina en la sec-. ción 17, apartado No. 3, tal como fué enmendada por la Ley No. 69 de 1923.

Un examen de la prueba demuestra por un lado que las cantidades que alega la apelante que deben adicionarse al capital tasado fueron considerados por la Junta de Revisión e Igualamiento para determinar si debía tomarse como base el activo y pasivo o si debía prevalecer el capital tasado. La apelante, en abril 26 de 1926, hizo un balance cuyo activo montó a $534,512. A este activo se le dedujo la suma de $210,432.82 (deuda del pasivo), quedando una diferencia a favor de la demandante de $324,079.21. Parece que la Junta de Revisión e Igualamiento encontró que esta diferencia era menor que el capital tasado ascendente a $337,850, y adoptó esta última suma para imponer la contribución sobre ingresos.

La apelante insiste, sin embargo, que la Junta de Revisión e Igualamiento se basó para tomar su resolución en cierta norma establecida en un reglamento que ha sido aprobado por dicha junta y alega que sus disposiciones están equivocadas. Convenimos con el apelado en que las reglas establecidas por la Junta no juegan papel de importancia en este caso. Podrán estar equivocadas tales reglas, pero de

todos modos la contribución se impuso tomando como base el capital tasado de acuerdo con la sección 18, *supra*.

La sección 18 excluye "aquellas inversiones que no producen ingreso tributable." De manera que la demandante no ha demostrado que haya otras inversiones que produzcan ingresos tributables. De ahí es que en rigor de verdad la falta de esta alegación en la demanda la hace insuficiente para determinar una causa de acción. Y como cuestión de hecho no se ha probado que las acciones de bancos, fianzas, efectos y cuentas por cobrar produzcan ingresos tributables. Estas son las partidas de que se queja la apelante que no fueron incluídas como capital invertido, pero para ello era necesario probar que produjeron ingresos tributables, pues en caso negativo la sección 18 las excluye sin que puedan incluirse en el capital invertido. Así es que asumiendo que no hubieran sido incluídas en la tasación, la demandante no podría exigir que se le incluyeran para formar parte del capital invertido. El motivo se expresa por el apelado en su inteligente y bien razonado alegato, diciendo:

"Las acciones de bancos, efectos a cobrar, fianzas y cuentas a cobrar, en primer lugar, no son propiedades invertidas en el negocio, toda vez que no se utilizan en las operaciones mercantiles de la demandante-apelante. Efectos a cobrar y cuentas a cobrar son parte de las mercaderías vendidas y no pagadas, y mientras no se haya efectuado su pago, no puede considerárseles como un ingreso.

"El Reglamento 65, Artículo 23 de la Ley Federal, citado por Holmes, en su obra sobre Income Tax, página 1244, dice lo que sigue:

" 'En los negocios modernos, con su uso de inventarios y de egresos y cobros en conjunto que se extienden por largos períodos de tiempo, no se pueden calcular los ingresos sobre la base de los cobros menos los egresos y gastos asignables a las mercancías o a los servicios por los cuales se cobra; el cálculo debe hacerse tomando en consideración las ventas al tiempo de efectuarse, y considerando las cuentas a cobrar y las por pagar como ingresos y egresos, respectivamente.'

"De modo que estas cuentas a cobrar se incluyen en los inven-

tarios como créditos a favor de la firma y como parte de su capital, el cual ya ha sido considerado en la tasación de inventarios cuando se impuso la contribución para bienes muebles. Si fuésemos a agregar el capital tasado esta suma, que representa el montante de mercancías vendidas, estaríamos sumando dos veces la misma cantidad, toda vez que tomadas en cuenta las ventas a plazos que puedan hacerse por la parte demandante, se le habría incluído en su inventario de 26 de abril de 1922 las mercancías existentes, y después se le incluiría por segunda vez el montante de sus mercancías como cuentas a cobrar. Y por esta razón es que la ley, en su sección 18, establece que se excluirán aquellas inversiones que no produzcan ingreso tributable. Fianzas, efectos a cobrar y cuentas por cobrar no producen ingresos tributables, y, por consiguiente, no pueden incluirse como parte del capital tasado.

''Las acciones de bancos no se ha demostrado que fueran capital invertido en el negocio. Solamente aparece admitida su existencia, pero de la prueba ni de las alegaciones aparece justificada la conclusión de que se hayan invertido en el negocio, o de que las mismas produzcan ingreso tributable; y en esas condiciones, no pueden incluirse en el capital tasado.''

[2] La apelante en su último señalamiento de error insiste en que el procedimiento seguido por la Junta de Revisión e Igualamiento es contrario a la sección 18 de la Ley de 1921, tal como fué enmendada por la No. 69 de 1923. Podemos decir, sin embargo, que cualquiera que fuere el motivo que tuvo dicha Junta para rendir su decisión, su conclusión fué correcta, toda vez que para imponer la contribución del ingreso se tomó como base la propiedad tasada y no la diferencia existente entre el activo y el pasivo. El razonamiento de la Junta ha podido estar equivocado, pero si su decisión es correcta, como lo es, debemos sostenerla.

[3] Parece inútil decir que no haciendo la apelante un señalamiento de error en cuanto a la impugnación que de la ley sobre ingresos alega en la demanda, ella ha abandonado tal contención y no necesitamos considerarla.

*Por todo lo expuesto debe confirmarse la sentencia apelada.*